IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **GRADY RENARD WILLIAMS, JR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 5:15-CV-0425-CAR-MSH |
| VS. | : | |
| | : | |
| **GEORGIA DEPARTMENT OF CORRECTIONS,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Plaintiff Grady Renard Williams, Jr., a state inmate at the Riverbend Correctional Center in Milledgeville, Georgia, filed a *pro se* complaint in this Court seeking relief under 42 U.S.C. § 1983. Because Plaintiff failed to submit the required fee upon filing, the Court presumes that Plaintiff also wishes to proceed in this action *in forma pauperis*, as he has in his many prior federal actions. Upon review of court records, however, the Court finds that Plaintiff may not proceed *in forma pauperis*, as three or more of his prior complaints or appeals have been dismissed and count as "strikes" under 28 U.S.C. § 1915(g). Leave to proceed *in forma pauperis* is thus **DENIED**; and his Complaint is **DISMISSED** for this reason, for failure to state a claim, and as frivolous.

    **I.**    **Three Strikes Bar**

Federal law prohibits a prisoner from bringing a civil action in federal court *in*

1

*forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).  If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id*.

A review of court records reveals that Plaintiff has filed many lawsuits in federal court and that at least three of his complaints or appeals have been dismissed as frivolous or for failure to state a claim.  *See e.g.*, *Williams v. Owens*, 5:13-cv-0254-MTT-MSH, ECF No. 39 (M.D. Ga. Sept. 15, 2014) (dismissed for failure to state a claim); *Williams v. Georgia Dep't of Corr.*, 6:12-cv-0110, ECF No. 7, (S.D.Ga. Jan. 2, 2013) (same); *Williams v. Owens*, CV613-006, doc. 50 (S.D.Ga. Nov. 27, 2013) (same); and *Williams v. Owens*, CV513-227, ECF No. 8 (M.D.Ga. Aug. 20, 2013) (dismissed for failure to comply). *See also, Williams v. Ogeechee Judicial Circuit*, CV415-085, ECF No. 7 (S.D.Ga. Aug. 13, 2015) (denying *in forma pauperis* and dismissing under § 1915(g)).  Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g).  *See Medberry*, 185 F.3d at 1193.  Plaintiff

has not alleged any such danger in his Complaint.

Leave to proceed *in forma pauperis* is thus **DENIED**.  When the district court denies a prisoner leave to proceed *in forma pauperis* pursuant to § 1915(g), the proper procedure is for the court to then dismiss the complaint without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).   The Court may therefore also dismiss the Complaint without prejudice to Plaintiff's right to refile upon payment of the full filing fee.

## II.     Plaintiff's Claims

Even if Plaintiff intended to actually pay the filing fee in this case, the Court also finds his claims to be frivolous.  The district courts are of course required to conduct a preliminary screening of all prisoner complaints. *See* 28 U.S.C. § 1915A(a).   In so doing, the district court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro s*e pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  *Sua sponte* dismissal of the complaint is, however, appropriate if the court finds that the complaint – when viewed liberally and in plaintiff's favor – is frivolous. *See* 28 U.S.C. § 1915A(b).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Here,  the  only  named  defendant  is  the  Georgia  Department  of  Corrections ("GDOC").  The doctrine of sovereign immunity bars his claims against states and their

agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." *Id.* (citing *Pennhurst State Schl and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The GDOC is a state agency and is thus immune from suit. *Stevens*, 864 F.2d at 115.

It is also plain on the face of Plaintiff's Complaint that his claims are brought under a "sovereign citizen" theory.[1] This is a frivolous legal theory that is consistently rejected by federal courts. *See Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792, 2013 WL 1281776, at *5 (N.D.Ala. Mar. 27, 2013) ("The . . . theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system."). *See also e.g., Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous).

The Court therefore finds that Plaintiff has not only failed to state claim upon which relief may be granted - because the sole defendant is immune from suit - but his legal theory is also "indisputably meritless."

---

1 So-called "sovereign citizens" generally rely "on the Uniform Commercial Code ("UCC"), admiralty laws, and other commercial statutes to argue that, because he has made no contract [with the courts or government], neither entity can foist any agreement upon him." *United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) aff'd, 787 F.3d 1329 (11th Cir. 2015). State criminal statutes are "apparently not one of the groups of statutes whose validity [these defendants] will acknowledge," and as such the prisoner will argue that he cannot be found guilty" of any crime. *Id.*

4

### III. Conclusion

For these reasons, leave to proceed *in forma pauperis* is **DENIED**; and Plaintiff's Complaint shall be **DISMISSED** for this reason, for failure to state a claim, and because his claims are frivolous.

**SO ORDERED** this 8th day of December, 2015

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT